UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER SCHUETTE,

    Plaintiff,

v.

COUNTY OF ALAMEDA,

    Defendant.

Case No. 24-cv-04325-JSC

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, an inmate in the Alameda County Jail who is proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983. Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the complaint is dismissed with leave to amend.

## BACKGROUND

Plaintiff alleges his prescription eyeglasses were broken when he was assaulted at the jail in April 2024. (ECF No. 5 at 2.) He alleges unnamed "Deputies/Nurse" promised to replace them "by the end of June," but he has not received them. (*Id.*) He has another pair of glasses, but they are "flimsy" and the wrong prescription. (*Id.*) He "cannot see," and his eyes are "straining." (*Id.* at 3.) "Medical staff/deputies" have ignored his requests to replace the broken pair. (*Id.*)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

defendant who is immune from such relief." *Id.* § 1915A(b).  Pleadings filed by parties unrepresented by an attorney must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

The only named Defendants are the County of Alameda and the Alameda County Sheriff's Office.  (ECF No. 5 at 1, 2.)  Local municipal governments, such as counties, are "persons" subject to liability under 42 U.S.C. § 1983 when official policy or custom causes a constitutional violation.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  However, a city or county cannot be held liable for the unconstitutional acts of its employees under the theory of "respondeat superior," that is, under a theory that it is the employer of officials whose actions violated a plaintiff's constitutional rights.  *Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).  So, to impose liability on a county under Section 1983 for a violation of constitutional rights resulting from a local government's action or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the

2

1    municipality [county] had a policy; (3) that this policy amounts to deliberate indifference to the
2    plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional
3    violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)
4    (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted)).
5    Plaintiff has not alleged Defendants had a custom or policy that caused officials not to replace his
6    broken glasses. His allegations that jail officials failed to replace his glasses are not sufficient,
7    without more, to plausibly allege such a custom or policy. *See generally City of Oklahoma City v.*
8    *Tuttle*, 471 U.S. 808, 823–24 (1985) ("a single incident of unconstitutional activity is not
9    sufficient to impose liability under *Monell*"). Therefore, the complaint does not state a claim
10   against Defendants under Section 1983 that is capable of being judicially heard and decided.

11   Plaintiff may amend his complaint to allege facts that plausibly state a claim for relief
12   against Defendants under *Monell*, or to name as Defendants individual officials whose actions
13   caused a violation of his constitutional rights.

## CONCLUSION

15   For the above reasons,

16   1.   The complaint is DISMISSED with leave to mend. Plaintiff may file an amended
17   complaint on or before October 4, 2024. The amended complaint must include the caption and
18   civil case number used in this order (No. C 24-4325 JSC (PR)) and the words "COURT-
19   ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint
20   completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.
21   1992), Plaintiff may not incorporate material from the original by reference; he must include in his
22   amended complaint all the claims he wishes to pursue. <u>If Plaintiff fails to file an amended
23   complaint within the designated time, or if the amendment is not sufficient, his case may be
24   dismissed.</u>

25   2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
26   informed of any change of address by filing a separate paper with the clerk headed "Notice of
27   Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to
28   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: September 24, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge